IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LAURA RUIZ, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | EP-17-CV-197-PRM | |
| § | | |
| A.H. 2005 MANAGEMENT, § | | |
| L.P., § | | |
|     Defendant. § | | |

## MEMORANDUM OPINION AND
## ORDER GRANTING MOTION TO REMAND CERTAIN CLAIMS

On this day, the Court considered Plaintiff Laura Ruiz's "Motion to Remand Certain Claims to State Trial Court" (ECF No. 5) [hereinafter "Motion"], filed on July 7, 2017, and Defendant A.H. 2005 Management, L.P.'s "Response to Plaintiff's Motion to Remand" (ECF No. 8) [hereinafter "Response"], filed on July 14, 2017, in the above-captioned cause.[1] After due consideration, the Court is of the opinion that Plaintiff's Motion should be granted for the reasons set forth below.

I. FACTUAL AND PROCEDURAL BACKGROUND

On October 14, 2016, Plaintiff filed her Original Petition in the 346th Judicial District Court of El Paso County, Texas. Notice of

---

[1] Plaintiff did not file a reply to Defendant's Response.

Removal, Ex. B, June 27, 2017, ECF No. 1 [hereinafter "Notice of Removal"]. The Original Petition included a single claim for workers' compensation retaliation pursuant to Texas Labor Code § 451.001 ("Workers' Compensation Claim"). Mot. 1. Plaintiff then amended her Original Petition on May 30, 2017, adding a claim under the Family Medical Leave Act ("FMLA," 29 U.S.C. § 2601) and a retaliation claim under Texas Labor Code § 21.055. *Id.* Thereafter, Defendant filed a Notice of Removal on June 27, 2017, on the basis of federal-question jurisdiction for the FMLA claim, and supplemental jurisdiction for the two state-law claims. *Id* at 2. Plaintiff requests that the Court sever the Workers' Compensation Claim and remand it to state court because it is non-removable pursuant to 28 U.S.C. § 1445(c).

## II. LEGAL STANDARD

28 U.S.C. § 1441(a) provides for the removal of civil actions brought in a state court over which the district court has original jurisdiction. It is the removing party that "bears the burden of establishing that federal jurisdiction [lies]." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Federal courts strictly construe the removal statutes, "and any doubt about the propriety of removal must

be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

28 U.S.C. § 1445 provides a list of "[n]onremovable actions" to which § 1441 generally does not apply. This section provides that "[a] civil action in any State Court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). When defendants attempt to remove combined federal and nonremovable state claims, district courts must "sever and remand the state worker's compensation claims." *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir. 1998); *see also* 28 U.S.C. 1441(c) (providing that when a claim made nonremovable by statute is removed along with claims with federal-question jurisdiction, "the district court shall sever from the action all [nonremovable] claims . . . and shall remand the severed claims to the State court from which the action was removed"). "[A] claim of retaliatory termination under § 451.001 is a claim arising under Texas worker's compensation laws" such that it should be severed and remanded if removed. *Sherrod*, 132 F.3d at 1118.

3

## III. ANALYSIS

### A. Severance and Remand

As Plaintiff indicates, the statute and case law in the Fifth Circuit are definitive on the issue of remanding workers' compensation retaliation claims in cases like the one at bar. Mot. 3. Indeed, "Defendant concedes that Fifth Circuit precedent exists to justify the severance and remand of a claim under Texas Labor Code § 451.001[.]" Resp. 3. Nonetheless, Defendant invites the Court to retain jurisdiction because of an alleged circuit split on this issue even though the Fifth Circuit case law is adverse to Defendant's position. Resp. 3. Further, Defendant claims that separating "the causes of action could present problems of double recovery and confusion if the cases are tried" in two venues and that "[t]he parties' and the court's resources would be better spent trying all these cause [sic] of action in one venue." *Id.*

While the Court recognizes that it would likely be more efficient to try all causes of action in one forum, the Court declines Defendant's invitation to retain the Workers' Compensation Claim in federal court. Defendant does not cite any law suggesting that the Court has authority in this case to deviate from binding Fifth Circuit precedent or

4

the clear congressional mandate on which it is based. Further, the Court declines to consider the presence of a circuit split on this issue when Fifth Circuit precedent, see *Sherrod*, 132 F.3d at 1118, and the relevant statute, see 28 U.S.C. § 1441(c), dictate a clear result.[2] Accordingly, the Court will sever the Workers' Compensation Claim and remand it to the state court in which it originated.

### B. Arbitration

In the alternative, Defendant requests that the Court "not rule on Plaintiff's Motion to Remand until it resolves the issue of compelling arbitration." Resp. 2. The Court denies this request. Defendant has neither attached any motions to its Response nor filed any pleading suggesting that arbitration might be appropriate in this case. Defendant's purported interest in compelling arbitration, first brought to the Court's attention in its Response brief, has never been filed as a pleading on the Court's docket. The Court only encountered a motion to

---

[2] The *mere existence* of a circuit split presents no support to Defendant's invitation to ignore controlling authority in the Fifth Circuit. Defendant does not include cogent and thoughtful analysis of other circuits' precedent to allow the Court to appreciate why Fifth Circuit precedent might no longer be appropriate or possibly decided incorrectly when initially considered.

5

compel arbitration [hereinafter "Motion to Compel"] and relevant opposition briefing upon review of the state-court record attached to the Notice of Removal.

The Court recognizes that "[a] case removed from state court . . . comes into the federal system in the same condition in which it left the state system." *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992). However, the Court cannot be expected to sift through the state-court record and discern which motions or requests are ripe for the Court's consideration and adjudication. Rather, a party that wishes for the Court to take action on a pending issue should file an appropriate pleading in compliance with the Local Rules of the Western District of Texas, or seek a hearing on the pending matter.

Further, Defendant's request to decide the arbitration issue strikes the Court as an attempt to put the cart before the horse. Defendant proffers no authority supporting the proposition that district courts may compel parties to arbitrate nonremovable claims when a meritorious request to remand those claims is pending.[3] On the

---

[3] Defendant provided no legal authority that even discusses this issue. The Supreme Court has held that courts may "look through" motions to

6

contrary, the authority Defendant cites plainly states that "district court[s] err[ ] by failing to sever and remand [a] state worker's compensation claim." *Sherrod*, 132 F.3d at 1119. Thus, there appears to be no way to compel arbitration over the Workers' Compensation Claim without simultaneously violating the commands of § 1445. Deciding the Motion to Remand *before* the Motion to Compel therefore seems more appropriate.

Finally, Defendant's argument that "[t]he interests of judicial economy, fairness, and convenience would be served by an initial ruling that all claims are subject to arbitration" provides no legal basis on which the Court can confidently decide to compel arbitration given the pending Motion. Resp. 2. Additionally, the Court is uncomfortable with the implications of allowing the Motion to Compel to take precedence

---

compel arbitration to determine whether the court would have jurisdiction over the underlying dispute. *See Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009). However, removing a nonremovable claim is a procedural rather than jurisdictional defect. *See Lirette v. N.L. Sperry*, 820 F.2d 116, 117-18 (5th Cir.1987) (en banc) (holding that § 1445(a) could be waived because it is not jurisdictional). Thus, *Vaden* is not directly on point. Beyond that, no case law appears to give clear guidance on whether district courts may compel arbitration of a nonremovable claim that is improperly before the court according to procedural, rather than jurisdictional, rules. Based on the reasoning expressed in this Order, the Court concludes that it may not.

over the Motion to Remand. If courts allowed such tactics, defendants would have license to improperly remove nonremovable claims to federal court in order to gain a federal determination of their motions to compel. Again, Defendant cites no authority supporting such as result.

For the foregoing reasons, the Court declines to decide the Motion to Compel at this time.

## IV. CONCLUSION

The Court recognizes the potential challenges of having similar litigation proceed in two different jurisdictions. However, Defendant has neither provided the Court with the necessary tools nor suggested authority to indicate that it can properly rule on a motion to compel arbitration regarding the claims currently before the Court. Thus, the Court concludes that Plaintiff's claim pursuant to Texas Labor Code § 451.001 should be severed from this matter and remanded to the state court in which it originated. Further, the Court concludes that if either party has any preexisting or future matters they wish the Court to address, they should file appropriate briefing, compliant with the Local Rules, or seek a hearing.

Accordingly, **IT IS ORDERED** that Plaintiff Laura Ruiz's "Motion to Remand Certain Claims to State Trial Court" (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Laura Ruiz's claim pursuant to Texas Labor Code § 451.001 is **SEVERED** from the above-captioned cause and **REMANDED** to the 346th Judicial District Court of El Paso County, Texas, under Cause Number 2016-DCV-3843.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** an extension of time to re-plead her complaint to **14 days** after the date of this Order.

**IT IS FINALLY ORDERED** that, should the parties wish the Court to adjudicate any pending matters filed in state court prior to removal, the parties shall **RE-FILE** all relevant motions and responses under the cause number in this matter.

SIGNED this __11__ day of August, 2017.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE