IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LAURA RUIZ,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | EP-17-CV-197-PRM |
| AH 2005 MANAGEMENT, L.P.,<br>    Defendant. | §<br>§<br>§ | |

## MEMORANDUM OPINION
## AND ORDER GRANTING DEFENDANT'S
## MOTION TO ABATE AND COMPEL ARBITRATION

On this day, the Court considered Defendant AH 2005 Management, L.P.'s [hereinafter "Defendant"] "Opposed Motion to Compel Arbitration" (ECF No. 15) [hereinafter "Motion"], filed on August 24, 2017, Plaintiff Laura Ruiz's [hereinafter "Plaintiff"] "Response to Defendant's Motion to Compel Arbitration" (ECF No. 19) [hereinafter "Response"], filed on August 31, 2017, and Defendant's "Reply in Support of Defendant's Opposed Motion to Compel Arbitration" (ECF No. 20) [hereinafter "Reply"], filed on September 7, 2017, in the above-captioned cause.

After due consideration, the Court is of the opinion that Defendant's Motion should be granted for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her "First Amended Petition" in Texas state court on May 30, 2017. Not. Removal Ex. A, June 27, 2017, ECF No. 1. After Defendant removed the case to federal court, Plaintiff filed an amended complaint on August 25, 2017 pursuant to the Court's "Standing Order to Replead in Removed Cases." *See* Pl.'s Second Am. Pet., Aug. 25, 2017, ECF No. 16 [hereinafter "Amended Complaint"]. In her Amended Complaint, Plaintiff alleges that AH 2005 Management hired her in 2013 as a cleaner. Am. Compl. 2. On March 22, 2015, she alleges that she sustained a work-related injury to her hand and wrist while changing the sheets on a mattress that fell on her hand. *Id.* After receiving medical evaluations and notifying Defendant of the limitations caused by her injury, she alleges that Defendant required her to perform duties that violated her medical restrictions. *Id.* at 3. When Plaintiff took three to four days of leave due to her injury, she alleges that Defendant promptly terminated her. *Id.* Plaintiff claims Defendant's Human Resources Director informed her that she was terminated for failing to call into work during her medical leave. *Id.* at 4.

In Plaintiff's First Amended Petition, she asserted a claim under the Family Medical Leave Act ("FMLA"), a retaliation claim under Texas Labor Code § 21.055, and a workers' compensation retaliation claim under Texas Labor Code § 451.001. Not. Removal Ex. A, June 27, 2017, ECF No. 1. However, the Court remanded her workers compensation retaliation claim because it was nonremovable. Order Granting Motion to Remand Certain Claims, Aug. 11, 2017, ECF No. 12. Thus, Plaintiff's FMLA claim and retaliation claim pursuant to Texas Labor Code § 21.055 remain before the Court.

Defendant alleges that on March 17, 2015, Plaintiff signed an acknowledgement form [hereinafter "Acknowledgement Form"] upon her receipt of an updated employee handbook which contained an arbitration agreement. Mot. 2. Defendant has provided a signed copy of this Acknowledgement Form as well as an affidavit from the Vice President of Human Resources at AH 2005 Management confirming that the document is what Defendant alleges it is. *See* Mot. Ex. 1; Mot. Ex. 1 Attach. A. Plaintiff does not contest that she signed the Acknowledgement Form or received notice of Defendant's arbitration policy.

The acknowledgement form states that "[b]y accepting employment with [Defendant], I agree to mutual and binding arbitration, as set forth in the arbitration agreement in Addendum C for any dispute that arises in connection with my employment or termination thereof."[1] Mot. 2. Additionally, the Acknowledgement Form states that Plaintiff "received and read a copy of the . . . Employee Handbook[,]" which includes the "Employee Arbitration Agreement" [hereinafter "Agreement"] attached as Addendum C. Mot. 2. The Agreement requires all employees "to submit all legally cognizable claims arising from your employment . . . and/or termination thereof to mutually binding arbitration." Mot. 3. Further, the Agreement "extends to leave related claims, including any alleged violation of the Family Medical Leave Act . . . as well as the violation of any other federal, local, national, or statutory law or regulation of any kind[.]" *Id.*

---

[1] The signed acknowledgment form that Defendant has provided is in Spanish, but Defendant has also provided a direct translation of the form into English. Because Plaintiff neither contests that she knew and understood Spanish, nor that the English translation is inaccurate, the Court assumes that the English and Spanish versions of the Acknowledgement Form are identical, and thus quotes from the English version.

## II. LEGAL STANDARD

When considering a motion to compel arbitration under the Federal Arbitration Act ("FAA"), courts employ a two-step analysis. "First, a court must 'determine whether the parties agreed to arbitrate the dispute in question.'" *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (quoting *Webb v. Investacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996)). "Second, a court must determine 'whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628 (1985)).

The first step of the analysis—whether the parties agreed to arbitrate the dispute in question—consists of two distinct prongs: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* at 418–19 (quoting *Webb*, 89 F.3d at 258). "[I]n determining whether the parties agreed to arbitrate a certain matter, courts apply the contract law of the particular state that governs the agreement." *Washington Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d

260, 264 (5th Cir. 2004). As both parties rely on Texas law in their briefing, the Court will apply Texas law. *Zamora v. Swift Transp. Corp.*, 547 F. Supp. 2d 699, 702 (W.D. Tex. 2008), aff'd, 319 F. App'x 333 (5th Cir. 2009).

## III. DISCUSSION

Here, Plaintiff argues that the Agreement is illusory, and hence that the Court should not compel arbitration. According to Plaintiff, this is because "[i]f an employer retains the unilateral right to modify an arbitration agreement, the consideration for the arbitration agreement is illusory." Resp. 4. However, Plaintiff is only partially correct: an agreement is illusory if a party "possesses the right to modify or terminate an arbitration agreement *without notice*[.]" *Zamora*, 547 F. Supp. 2d at 702 (emphasis added).

Texas law allows unilateral modifications to or termination of an agreement where (1) the modification or termination is limited only to prospective, unknown claims and (2) the employer gives notice to the employees of the modification or termination. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003) (citing *In re Halliburton Co.*, 80 S.W.3d 566, 570–71 (Tex. 2002)). Here, the Acknowledgement Form

6

that Plaintiff signed states that "the President [of the Company] may amend or terminate the policies and procedures in this handbook." Resp. Ex. A. However, the full Agreement (found in the employee handbook) qualifies that right:

> [Employer] reserves the right to discontinue, amend or revise this Policy on 30 days' notice to you by notifying you of the proposed amendment or discontinuation. Such amendment or discontinuation will apply only prospectively and will not affect any pending arbitration claim or claims that have arisen before notice of the change or discontinuation.

Mot. Ex. 5 Attach. A [hereinafter "Savings Clause"].

Thus, the Agreement appears to conform to Texas law requiring that employers provide notice of any unilateral amendments to or termination of an arbitration agreement, and that all amendments only apply prospectively. Accordingly, Plaintiff's argument that the agreement is illusory fails.

Plaintiff acknowledges that termination of or amendments to the Agreement will only apply prospectively and that employees will be notified of any amendments. Resp. 6. However, she argues that this Savings Clause is ambiguous because the notice and prospective applicability clauses only apply to "amendments" and not "revisions."

7

Resp. 7. Plaintiff claims there is a material difference between the word "amendment" and "revision." *Id.* She avers "a mere 'amendment' to the policies ... denotes a mere correction, as in correcting grammar, punctuation, or spelling therein," whereas a "revision" is "made for its own sake [and] may encompass a radical change to the agreement[.]" *Id.* Because of this ambiguity, Plaintiff claims that the contract actually only obligates Defendant to provide notice of small, inconsequential details, but allows Defendant to withhold notice of substantive "revisions" and apply them retroactively. *Id.* This would allow Defendant to make substantive unilateral changes to the Agreement without notice, rendering the Savings Clause deficient. Thus, she claims, the Agreement is illusory.

While creative, this argument fails to defeat the Savings Clause. The Texas Supreme Court held in *Halliburton* that a savings clause regarding solely "amendments" was sufficient for a valid contract. 80 S.W.3d at 570–71. Further, the Texas Supreme Court has validated an almost identical savings clause with the exact same alleged deficiency as the present savings clause. *See In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 421 (Tex. 2010) (holding an arbitration agreement was not

illusory where the savings clause read: "the Company reserves the right to *amend, modify, or terminate* the Plan at any time; provided, however, that . . . any such *amendment or termination* of the arbitration provisions incorporated into this booklet shall not be effective until at least 14 days after written notice has been provided to you." [emphasis added]).

The term "amend or revise" is simply a legal "doublet," in which two overlapping terms are used to convey a single concept (such as "cease and desist," or "alter or change"). For purposes of expressly notifying an employee that notice will accompany substantive changes to an employment contract, the two terms are synonymous. Thus, the promise to notify the employee of any "proposed amendment"—despite previously mentioning "revisions"—is sufficient to render the Savings Clause valid.

For the foregoing reasons, the Court will grant Defendant's Motion.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant AH 2005 Management, L.P.'s "Opposed Motion to Compel Arbitration" (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Laura Ruiz **SUBMIT** her claims in this matter to binding arbitration.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the outcome of arbitration.

**SIGNED** this ___13___ day of **October, 2017**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE